IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES EDWARD DRAYTON,

                    Plaintiff

        VS.

MIKE HOWARD, *et al.,*

                    Defendants

**NO.  5:08-CV-251 (CAR)**

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants Mike Howard and Carl Lift. Tab #10.  Therein, the defendants contend that plaintiff James Edward Drayton has, *inter alia,* failed to state a constitutional claim.  Plaintiff Drayton was ordered to and has filed a response to the motion. Tab #15.

## LEGAL STANDARDS

### A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff.  *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim."  *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

B. Medical Treatment of Prisoners/ Deliberate Indifference

To establish a valid claim for medical mistreatment or inadequate medical treatment under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To constitute deliberate indifference, a prisoner must show wanton conduct or conscious or callous indifference to his serious medical needs.  Id.; see also *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986).  Therefore, mere negligence is insufficient to state a claim of Constitutional magnitude.[1]

## FACTUAL BACKGROUND

Plaintiff Drayton, currently on parole from the Georgia Department of Corrections, filed this lawsuit contending that the defendants were deliberately indifferent to his serious medical needs while he was in the custody of the Georgia Department of Corrections.  Accepting the facts as pled by the plaintiff to be true, as the court is required to do, the events giving rise to the plaintiff's claim are as follows:

Sometime during the month of April, 2005, plaintiff Drayton injured his left hand while moving a heavy trash container.  He immediately reported the injury to his supervisor but did not seek medical attention at that time.  A few days later, as a result of increased pain, plaintiff Drayton made an appointment to see prison medical personnel so that the condition of his hand could be assessed.  Following an examination by the prison's doctor, he was scheduled for a consultation with another doctor located at Baldwin State Prison.  This consultation occurred about a month after his hand was first examined.  After the plaintiff was examined by the doctor at Baldwin State Prison, he was referred to a doctor at an unnamed  medical facility located in Augusta, Georgia.  Plaintiff states that the reason for this visit, which he claims occurred approximately three months after his examination at Baldwin State Prison, was for him to undergo an EKG.[2]

- 2 -

---

[1] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

[2] It is unclear, and plaintiff fails to explain, how an EKG is relevant to a hand injury.

Plaintiff Drayton avers that after undergoing a series of tests, he was scheduled for and underwent carpal tunnel surgery at Augusta State Medical Prison on November 7, 2007. Following what he describes as an inadequate and unsuccessful operation, his hand is in much worse condition. Plaintiff also alleges that, with the exception of having a splint removed, he received no further postoperative care despite his continued pain and disability.

## DISCUSSION

Plaintiff Drayton's explanation of how the defendants were deliberately indifferent to his medical needs are somewhat ambiguous. At one point in his pleadings, he claims that during the time between the injury and the operation, aside from several tests and consultations, nothing was done to alleviate his pain or to mend his injured hand. At another point, the plaintiff alleges that the defendants were deliberately indifferent by failing to provide him with necessary postoperative care including referral to a specialist where additional surgical procedures could be undertaken to resolve his condition. At yet another point in his pleadings, Drayton states that a "miscommunication in the diagnosis between defendants Lift and Howard was the determining factor that led to the **negligence** and inadequate procedure which took place only to make matters worse." According to plaintiff, "this **negligence** violates his rights and constitutes cruel an unusual punishment under the Eighth Amendment of the U.S. Constitution." Finally, plaintiff argues that "the unchecked, the unresolved medical treatment being denied and refused by Dr. Lift and Dr. Howard violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution." By way of relief, he seeks a declaratory judgment that the acts of the defendants violated his rights under the Eighth and Fourteenth Amendments, unspecified general damages, and punitive damages.

- 3 -

In response to the allegations against them, the defendants have filed a motion seeking dismissal contending, *inter alia,* that the plaintiff has failed to sufficiently state a violation of his constitutional rights.  In support of this argument, they argue that plaintiff Drayton has failed to make the requisite allegation that they acted or failed to act in a way that evidences conscious, callous, or unreasonable indifference to plaintiff's safety or medical needs.  Moreover, the defendants conclude that plaintiff Drayton's claims, as pled, are more properly characterized as complaints about the quality and type of care provided as opposed to the absence of medical care itself.  This conclusion, according to the defendants, is clearly evidenced by the plaintiff's admission that he received medical attention and treatment for his injured hand on *many* occasions during the relevant time period.  Because disagreements between an inmate and a doctor about the proper medical treatment are not sufficient to support a claim of deliberate indifference, the defendants argue that this claim should be dismissed.  *See  Estelle v. Gamble*, 429 U.S. 97 (1976).

The undersigned agrees.   Given plaintiff Drayton's concession that he underwent several tests, consultations, and surgery to correct his injured hand, coupled with the fact that he repeatedly characterizes the acts of the defendants as **negligence**, it does not appear that he has sufficiently alleged the sort of wanton conduct or conscious or callous indifference to his serious medical needs necessary to support his claim that his constitutional rights have been violated.  As noted above, complaints which are based upon the theory of negligence are not actionable under 42 U.S.C. §1983.  *Daniels v. Williams*, 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986).

- 4 -

Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION TO DISMISS (Tab #10)

be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections

to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN**

**(10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 24th day of JUNE, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE